JOBBINS et al. v. KENDALL MFG. CO.

(District Court, D. Rhode Island. March 13, 1912.)

No. 2,973.

1. COVENANT, ACTION OF (§ 12*)—ACTION FOR BREACH—PLEADING.
   Counts in a declaration in covenant, which do not allege a breach of covenant, but merely infringement of certain patents, are demurrable.
   [Ed. Note.—For other cases, see Covenant, Action of, Cent. Dig. § 16; Dec. Dig. § 12.*]

2. COVENANT, ACTION OF (§ 12*)—ACTION FOR BREACH—PLEADING.
   A declaration on a covenant contained in an instrument which is produced cannot be aided by allegations setting forth a covenant different from that in the original document.
   [Ed. Note.—For other cases, see Covenant, Action of, Cent. Dig. § 16; Dec. Dig. § 12.*]

3. PATENTS (§ 211*)—LICENSES—CONSTRUCTION.
   A provision for the payment of royalties, in a contract granting a license to use a patented process for producing glycerine, construed, and held not to amount to a covenant by the licensee to treat all its material by such process during the term of the license.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 304–311; Dec. Dig. § 211.*]

4. PATENTS (§ 218*)—LICENSES—CONSTRUCTION.
   A proviso in a contract of license to use a patented process, requiring the payment of royalties on all the product of the licensee made by such process, to be determined from quarterly statements to be furnished the licensor, cannot be regarded as creating a severable covenant by the licensee to render such statements.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 330–338; Dec. Dig. § 218.*]

At Law. Action by Frances Jobbins, executrix, and others, against the Kendall Manufacturing Company. On demurrer to declaration. Sustained in part.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs, 1907 to date, & Rep'r Indexes

Gardner, Pirce & Thornley, for plaintiffs.
Henry W. Hayes and John Henshaw, for defendant.

BROWN, District Judge. [1] Though the action is in covenant, the first three counts do not allege a breach of covenant, but merely unlawful infringement of certain patents. As the demurrer is sustained on this ground, it is unnecessary to consider objections on formal grounds.

[2] The fifth count alleges a covenant—

"to purchase all chemicals which said Jobbins & Van Ruymbeke covenanted to sell to it in accordance with the terms of said agreement."

As the original covenant has been produced, the declaration cannot be aided by allegations setting forth a covenant different from that in the original document. Howe v. Larkin (C. C.) 119 Fed. 1005.

The covenant contained in clause 8 of the original contract states:

"And after the said machinery shall have come into their possession as per clause two (2) hereof, they will purchase from the party of the first part, as per clause four (4) hereof, all chemicals used by them in the manufacture of glycerine by the process of the party of the first part under and during the continuance of this said license."

Clause 4, herein referred to, is an agreement to furnish the defendants upon certain terms—

"all the chemicals necessary for their use in producing glycerine by the within-named process and machinery."

The agreement to purchase all chemicals used is not the equivalent of an agreement to purchase all the chemicals necessary for their use; and it appears by the face of the contract that there was no covenant to purchase all chemicals which said Jobbins & Van Ruymbeke covenanted to sell.

[3] The sixth count is apparently based upon clause 5 of the contract, and alleges a covenant with said Jobbins & Van Ruymbeke, etc.—

"to treat all waste soap lyes produced at the works of said defendant by the said process of said Jobbins & Van Ruymbeke during the term of said license."

Clause 5 of the contract fixes a royalty for a license to use the patented process. The sum is fixed conditionally, and subject to the provision that all of the waste soap lyes shall be treated by the said process during the legal life of the patents and all improvements or modifications thereof, and that regular statements of the number of pounds of glycerine produced shall be made, accompanied by checks for the amount of the royalty.

In the eighth clause there is a provision:

"That this license is given and accepted upon the further conditions of the payment of a royalty upon all glycerine produced, as set forth in clause five."

This acceptance in clause 8 of the terms in clause 5 amounts to a covenant to pay the license fee upon all glycerine produced by the process, but does not constitute a covenant to continue to produce glycer-

ine by this process throughout the life of the patents, nor to treat all waste soap lyes by said process throughout the term of the license.

[4] The seventh count alleges a covenant—

"to render regular quarterly attested statements of the number of pounds of glycerine produced and quantities sold, and the gross price obtained therefor, during said term."

This is based upon a proviso in clause 5. This, however, is a proviso subordinate to the provisions fixing the terms of the royalty, and is merely a means of verifying the number of pounds on which royalty is to be paid.

The acceptance of the license upon the conditions of the payment of a royalty upon all glycerine produced cannot be regarded as creating a severable covenant to render quarterly returns or statements.

The eighth count alleges a covenant to pay—

"the sum of $65/100$ cents per pound upon all glycerine produced by said process," etc.

—said royalty rate increasing or decreasing as set forth.

As clause 8 states that this license—

"is given and accepted upon the further conditions of the payment of a royalty upon all glycerine produced, as set forth in clause five"—

I am of the opinion that the covenant is alleged with substantial correctness. The assignment of the breach, however, seems to be informal and subject to demurrer. 1 Chitty on Pleading, *336.

The demurrers to counts 1, 2, and 3 are sustained, on the ground that they seek damages for the infringement of the patent rights, rather than for a breach of covenant. This renders it unnecessary to consider the question of misjoinder or merely formal defects.

The demurrer to the fourth count is sustained, for duplicity and for the reasons stated in the consideration of subsequent counts.

Demurrers to the fifth, sixth, and seventh counts are sustained.

Demurrer to the eighth count is sustained, for defective assignment of breach of contract, with leave to amend the same within 10 days.