## JOBBINS et al. v. KENDALL MFG. CO.

(District Court, D. Rhode Island.  January 29, 1921.)

No. 2973.

1. **Judgment ⬭720—Findings in former suit between same parties held conclusive.**

   In an action by the owners of a patent to recover royalties provided in a contract, findings in previous litigation between the same parties that defendant had discontinued the use of the patented process prior to a certain date, and that the process defendant was then using was not covered by the patent, are conclusive.

2. **Patents ⬭218(1)—Use of part of plant, though an infringement, held not to require payment of process royalties.**

   The use by defendant, who had contracted to pay plaintiffs royalties on glycerine produced by plaintiffs patented process from waste soap lyes, of part of the apparatus they obtained from plaintiffs in connection with a different process for obtaining glycerine from a different substance, does not subject defendant to liability for the royalties, even though the use of the apparatus may be an infringement of plaintiffs' apparatus patent.

At Law.  Action by Frances Jobbins, as executrix, and others, against the Kendall Manufacturing Company.  On final hearing. Judgment ordered for plaintiffs, for part only of the amount claimed.

Henry W. Hayes and John Henshaw, both of Providence, R. I., for plaintiffs.

Gardner, Moss & Haslam, of Providence, R. I., for defendant.

BROWN, District Judge. [1] In former litigation between these parties it was adjudicated that the defendant discontinued the use of plaintiffs' process prior to September 1, 1908.  It was also adjudicated that the Twitchell process is not a process of extracting glycerine from waste soap lyes.  Jobbins v. Kendall Mfg. Co. (C. C.) 184 Fed. 463, 466.  The findings in that case are conclusive in this case. as stated in the rescript filed in the present case on January 29, 1915.

[2] The plaintiffs, nevertheless, contend that the defendant continued to use a part of the plant installed by the plaintiffs for refining by distillation the so-called "Twitchell liquors," and that under the con-

tract plaintiffs are .entitled to royalties on all glycerine produced by distillation of Twitchell liquors.

This use of part of the plant is disputed as matter of fact. Assuming, however, that a part of plaintiffs' plant was used for one of the steps of the plaintiffs' process—i. e., distillation—upon material other than waste soap lyes, this would not be a use of plaintiffs' process. The royalty payable under the contract is for glycerine produced by the plaintiffs' process, and all payments are based upon production of glycerine by the process. See Jobbins v. Kendall Mfg. Co. (D. C.) 196 Fed. 216:

"A process is a mode of treatment of certain materials to produce a given result. It is an act or series of acts, performed upon the subject-matter, to be transformed and reduced to a different state or thing." Cochrane v. Deener, 94 U. S. 780, 24 L. Ed. 139.

The subject-matter to be treated by plaintiffs' process is defined by the contract as "waste soap lyes." The plant having been purchased by the defendant, a part of it could be used for distillation of liquors other than waste soap lyes without incurring liability under the terms of the contract for a royalty for use of the plaintiffs' process.

If it were true that the plaintiffs acquired patents for improved apparatus for better performing one step in the process, the use by defendant of that patented apparatus alone on other liquids might be an infringement of patent rights, but would not be a breach of the contract.

The plaintiffs' claim for royalties on all glycerine produced at defendant's factory must be disallowed, for the following reasons:

First. Because of the prior adjudication to which we have already referred, which establishes the fact that the defendant discontinued the use of plaintiffs' process prior to September 1, 1908, and the further fact that the Twitchell process is not a process of extracting glycerine from waste soap lyes.

Second. Because the proof is insufficient to show that the defendant, after September 1, 1908, used any portion of the so-called "Jobbins plant" to distill waste soap lyes; and

Third. Because, even if it should be held that there is sufficient proof that the defendant used a part of the Jobbins plant to distill Twitchell liquors, this is insufficient to charge the defendant with payment of royalties under the contract.

The testimony of Prof. Chandler has been read in full and given careful consideration. Due weight has been given to his opinion that the distilling feature is applicable for the refinement of Twitchell liquors, as well as of the liquors resulting from the chemical steps of the plaintiffs' process. It has also been kept in mind that the question before us is not a question of patent infringement, but a question of breach of contract, and that the use by the defendant of the substance of the plaintiff's process, though with some nonessential variations to avoid the terms of the plaintiffs' patents, might require the payment of the agreed consideration. But this is not the case shown by the testimony. The plaintiffs' chemical steps which precede the distillation of waste soap lyes are a substantial and essential part of the

mode or treatment of the special substance which was to be treated by the process. This has been wholly omitted; and upon the evidence of Prof. Chandler it is apparent that the Twitchell process is applied to a different substance, and in no sense can be regarded as an equivalent for the chemical steps of the plaintiffs' process. A finding that the mere use of the Jobbins or the Dyer distillation apparatus, if proved, requires the defendant to pay the agreed royalties, would disregard both the terms and the substance of the contract.

Upon a proper construction of the fifth paragraph of the contract, the selling price therein referred to is the "gross price obtained therefor" by the defendant, and not the average selling price in the market.

The plaintiffs are therefore entitled to judgment only for royalties upon glycerine produced by the defendant from waste soap lyes, by subjecting them, not only to distillation, but to the preliminary steps of plaintiffs' compound chemical and distilling process. The plaintiff is also entitled to interest from the respective dates when checks should have been sent, according to paragraph 5 of the contract.

Unless the parties can agree upon the computation of the amount of the judgment, the plaintiffs may file within ten days their computation of the amount due, and the defendant may file corrections thereof within five days thereafter.

Should either party desire a more specific finding of fact or law, request therefor may be filed within ten days. Otherwise, a general finding for the plaintiffs will be made, with damages in accordance with this opinion.